

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Attention:  Charles E. Baughman

Dear Sir:

Opinion No. O-4740
Re:  Compliance with Texas Seed Law
by Agricultural Adjustment Ad-
ministration on seed distributed
in Texas.

    We are in receipt of your recent request for our
opinion, from which we quote as follows:

    ". . .

    "With House Bill 420 on the statutes, is it
legal for any department of the federal govern-
ment to ship into the State of Texas various seed
to be sold to our farmers for planting purposes
without the seed being tested and tagged with the
official Texas seed label?

    "Our present seed law, passed by the 47th
Legislature, reads that all agricultural seed of-
fered or exposed for sale in Texas must be tested
and tagged.  The AAA is making a practice of bring-
ing seed into this state from other states and
selling it to the farmers through the various AAA
channels.  As the seed season is now opening we
will appreciate an opinion at the earliest possible
date.

    ". . . ."

    The Texas Seed Law (House Bill No. 420, Acts 1941,
47th Legislature, Ch. 551, p. 89), Vernon's Annotated Civil
Statutes, Art. 93b) is a comprehensive enactment of the Texas

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Legislature regulating the sale and labeling of agricultural and vegetable seeds within this state. Within its provisions are requirements that such seeds be tested and that the containers in which same are sold must be tagged with labels upon which certain information is printed or written as prescribed.

In our opinion No. O-4617, we held that the inspection tax imposed by Texas law on commercial fertilizers sold in Texas could not be collected from the Agricultural Adjustment Administration. The same Congressional Act quoted in that opinion specifically includes seeds as well as fertilizers as among those things the United States Department of Agriculture is authorized to furnish producers, through its "A. A. A." program. From 16 U. S. C., 1940 ed. 590h(b) we quote:

"... Notwithstanding any other provision of law, in making available conservation materials consisting of seeds, seed inoculants, fertilizers, liming and other soil-conditioning materials, trees, or plants, or in making available soil-conserving or soil-building services, to agricultural producers under this subsection, the Secretary may make payments, in advance of determination of performance by the producers, to persons who fill purchase orders covering approved conservation materials or covering soil-conserving or soil-building services, furnished to producers at not to exceed a fair price fixed in accordance with regulations to be prescribed by the Secretary, or who render services to the Secretary in delivering to producers approved conservation materials for the carrying out, by the producers, of soil-building or soil-conserving practices approved by the Secretary."

From our opinion above referred to, we quote the following as applicable to your problem:

"It is a familiar principle, established since McCulloch v. Maryland, 4 Wheat. 316 (U. S. 1819), that the States cannot interfere with, burden, or impede the Federal government or its authorized instrumentalities in the exercise of any of the powers vested by the Constitution of the United States in

the Congress of the United States. The principle
has been announced most frequently in those cases
involving an attempt to collect a State tax from
a Federal instrumentality. It has, however, equal
application to the enforcement of State regulatory
laws against Federal instrumentalities. Johnson
v. Maryland, 254 U. S. 51; Hunt v. U. S. 278 U. S.
96; Arizona v. California, et al, 283 U. S. 423;
Ohio v. Thomas, 173 U. S. 276; Easton v. Iowa, 188
U. S. 220; Ex parte Willman, 227 Fed. 819; Posey
v. T. V. A., 93 F. (2) 726; United States v. Query,
21 Fed. Supp. 784."

The Agricultural Adjustment Administration is a
federal agency or instrumentality, clothed by Congress with
authority to furnish seeds to farmers at a stipulated price.
Because of these facts, in the light of the cited authori-
ties, you are respectfully advised that the Agricultural Ad-
justment Administration may not be subjected to the provi-
sions of the Texas Seed Law. Whether any other department
of the federal government could ship seed to be sold in Texas
without compliance with our statutes would depend upon the
federal law authorizing such department to engage in such
enterprise.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:mp

APPROVED AUG 5, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN